PROB 12C  
(06/17)

June 26, 2020  
pacts id: 222944

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Javier Sandoval (English)  **Dkt No.:** 08CR03179-001-JLS

**Reg. No.:** 09333-298

**Name of Sentencing Judicial Officer:** The Honorable Janis L. Sammartino, U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 952 and 960, Importation of Methamphetamine, a Class A felony.

**Date of Revocation Sentence:** September 26, 2019

**Sentence:** Time served (67 days' custody; 3 years' supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release   **Date Supervision Commenced:** September 27, 2019

**Asst. U.S. Atty.:** John R. Kraemer   **Defense Counsel:** Heather Rogers (Appointed) 619-233-3169

**Prior Violation History:** Yes. See prior court correspondence.

### PETITIONING THE COURT

**TO SUMMON THE OFFENDER TO APPEAR BEFORE THE COURT**

PROB12(C)

| | |
|---|---|
| Name of Offender: Javier Sandoval | June 26, 2020 |
| Docket No.: 08CR03179-001-JLS | Page 2 |

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)** The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. | 1. On or about February 27, and May 21, 2020, Mr. Sandoval used a controlled substance, as evidenced by the urine sample he submitted at the U.S. Probation Office on that date, which confirmed positive for methamphetamine.<br><br>2. On January 21, February 21, May 7, June 12 and June 22, 2020, Mr. Sandoval failed to comply with drug testing requirements as instructed by the probation officer, in that he failed to submit a urine specimen at the U.S. Probation Office, as required. |
| **(Standard Condition)** The defendant must answer truthfully the questions asked by their probation officer. | |

***Grounds for Revocation:*** As to allegation 1, I received and reviewed written laboratory notification from Alere Toxicology Services, which verifies the urine specimens provided by the offender on February 27, and May 21, 2020, confirmed positive for methamphetamine. When confronted with the positive tests results on March 17, and June 11, 2020, Mr. Sandoval denied use although the results were confirmed by Alere National Lab.

As to allegation 2, I have received and reviewed the Chain of Custody for Drug Analysis form which confirms that on the above dates; Mr. Sandoval failed to submit a urine sample, as required. On October 18, 2019, the probation officer reviewed written instructions for drug testing with Mr. Sandoval, and he acknowledged receipt of the instructions with his signature. Specifically, Mr. Sandoval was instructed to call the drug testing line Sunday-Thursday and report for drug testing when required in the automated testing line recording.

**(Special Condition)**
Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

**(Standard Condition)**
The defendant must follow the instructions of the probation officer related to the conditions of supervision.

3. On or about March 17, April 23, May 15, and June 11, 2020, Mr. Sandoval failed to follow the instructions of the probation officer to enroll in substance abuse treatment services with McAlister.

***Grounds for Revocation:*** As to allegation 3, on March 17, April 23, May 15, and June 11, 2020, Mr. Sandoval was directed to enroll in outpatient substance abuse treatment services with McAlister. To date, Mr. Sandoval has failed to provide proof of enrolling in substance abuse treatment services.

## VIOLATION SENTENCING SUMMARY

## SUPERVISION ADJUSTMENT

Mr. Sandoval commenced his third term of supervised release on September 27, 2019. The same day, he entered Tradition One, a residential drug treatment program. On December 25, 2019, Mr. Sandoval successfully completed Tradition One and began after care treatment services. Unfortunately, on February 27, 2020, Mr. Sandoval submitted a positive drug test for methamphetamine. When confronted with the drug test results, Mr. Sandoval denied use although it was confirmed by Alere National Lab. Due to Mr. Sandoval using drugs while in an aftercare program, Mr. Sandoval was directed to enroll in outpatient substance abuse treatment services on March 17, 2020.

Throughout the next two and a half months, the probation officer contacted Mr. Sandoval numerous times regarding his enrollment in outpatient substance abuse treatment services. Mr. Sandoval claimed he was having problems with his phone, then with the internet, then he stated he lost his phone and had two family deaths, all reasons he also used for not responding to the probation officer for weeks at a time. Throughout this, Mr. Sandoval has failed to appear for drug testing on several instances and submitted another positive drug test. When confronted with the positive drug test, Mr. Sandoval again denied use although confirmed both times by the National Lab. It is concerning that Mr. Sandoval continues to use drugs and not take accountability for his actions. To date, he has failed to provide proof of enrolling in substance abuse treatment services.

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Sandoval has no juvenile arrests. His criminal history includes arrests for grand theft of a firearm, assault with physical injury, possession of drug paraphernalia, driving with a suspended license, driving without insurance and alien smuggling. As a result, he has established a Criminal History Category III. Mr. Sandoval was born in Dos Palos, California, and currently resides in Tijuana, Mexico. He has 5 children and is in a co-habitating relationship with a woman from Tijuana.

Per the presentence report, Mr. Sandoval's history of drug abuse dates back to 2006, where he experimented with crystal methamphetamine. While in custody he completed the 500-hour RDAP program as well as Sharper Future. Since his release he has been consistently employed. In February 2017, Mr. Sandoval began working for HDR Landscape Services where he continues to be employed.

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

**Mandatory Revocation:** If it is determined that the offender has violated the conditions of supervised release by refusing to comply with drug testing, the court is required to revoke supervised release and impose a sentence that includes a term of imprisonment. 18 U.S.C. § 3583(g)(3), and USSG §7B1.4, p.s., comment. (n.5).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 5 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (use of a controlled substance, failure to appear for drug testing and failure to participate in substance abuse treatment) constitute Grade C violations. USSG §7B1.1(a)(3), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category III (determined at the time of sentencing) establishes an **imprisonment range of 5 to 11 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

## RECOMMENDATION/JUSTIFICATION

This is Mr. Sandoval's third term of supervised release. Throughout his last two supervision periods, he has repeatedly used methamphetamine and failed to appear for drug testing. Despite completing an inpatient drug treatment program on December 25, 2019, Mr. Sandoval continues displaying this same pattern. Mr. Sandoval's continuous poor supervision adjustment is of serious concern and it does not appear that he is taking his supervised release seriously, or his sobriety. Further, Mr. Sandoval does not take accountability for his drug use, making it more difficult to work with Mr. Sandoval. Despite repeated efforts to help bring him into compliance, he has failed to enroll in substance abuse treatment.

As such, this petition is being filed to summons Mr. Sandoval before Your Honor to answer to this alleged violation conduct to demonstrate that there will be consequences if he continues this pattern of behavior and drug use while on supervision. The undersigned recommends that at the Order to Show Cause hearing, this petition be held in abeyance and a status hearing be set to monitor his participation in drug treatment and the drug testing program. It is hoped this higher level of accountability will motivate him to participate in outpatient drug treatment and provide additional motivation for him to maintain sobriety.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: June 26, 2020**

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by _____
Nicole G. Fisher
U.S. Probation Officer
(619) 446-3843

Reviewed and approved:

_____
Paula D. Burke
Supervisory U.S. Probation Officer

jga

PROB12CW                                                                                                       June 26, 2020

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Sandoval, Javier

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 08CR03179-001-JLS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

| Violation(s) | Grade |
|---|---|
| Use of a controlled substance | C |
| Failure to appear for drug testing | C |
| Failure to participate in substance abuse treatment | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))          [   C   ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                    [   III   ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))            [   5 to 11 months   ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

|  |  |
|---|---|
| Restitution ($) | Community Confinement |
| Fine($) | Home Detention |
| Other | Intermittent Confinement |

PROB12(C)

| | |
|---|---|
| Name of Offender: Javier Sandoval | June 26, 2020 |
| Docket No.: 08CR03179-001-JLS | Page 7 |

**THE COURT ORDERS:**

__X__   AGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON __JULY 24, 2020__, AT __1:30 P.M.__, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____   DISAGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____   Other _____

_/s/ Janis L. Sammartino_    06/29/2020
The Honorable Janis L. Sammartino    Date
U.S. District Judge